HELEN R. POMEROY *vs.* BOSTON AND MAINE RAILROAD.

Hampden.    September 28, 1898. — October 20, 1898.

Present: FIELD, C. J., HOLMES, KNOWLTON, BARKER, & HAMMOND, JJ.

*Personal Injuries — Railroad — Negligence — Trial.*

If a passenger, while alighting from a railway car at a station, is injured by a sudden movement of the car, which is not explained, and which the jury, in an action for the injury, therefore has a right to attribute to the negligence of the railroad corporation, the defendant is not entitled to successive rulings that there was no evidence of negligence on the part of the several servants of the corporation by some one of whom the movement must have been caused.

If the sudden movement of a railway car, while a passenger is alighting therefrom

---

* This question was as follows : " That is so simple a man can do it [inspect a pole] who is about to climb a pole as well as anybody?"

at a station, and using due care, is caused by letting off the air in the brake, the railroad corporation may be liable to him for the result of the act, unless there was no way to avoid letting the air off in the manner in which it was let off, although the way adopted was the usual and proper way.

If one party to an action wishes to rely, as showing an admission by the other party, upon testimony referred to by the judge in his charge and used for another purpose, he should call the attention of the judge to it.

TORT, for personal injuries occasioned to the plaintiff, a minor, while alighting from a train on the defendant's railroad. At the trial in the Superior Court, before *Maynard*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*W. H. Brooks*, ( *W. Hamilton* with him,) for the defendant.

*A. L. Green*, for the plaintiff.

HOLMES, J.   This is an action for personal injuries, alleged to have been caused by negligently permitting a car to move suddenly while the plaintiff, a passenger, was alighting from it at a station.   At the trial there was evidence that the car moved as alleged, but it did not appear who made it move.   Of course the jury, if they believed the story, were at liberty to find that some servant of the company was the cause, probably the brakeman, the conductor, or the engineer.   The defendant tried to break the force of this inference by asking successive instructions that upon the pleadings and evidence there could be no recovery by reason of negligence on the part of any one of these persons.   As there was no question on the pleadings, this meant, so far as it was not misleading in form, that there was no evidence that the brakeman had been negligent, or the conductor or the engineer.   The judge refused to give the instructions asked, and the defendant excepted.

The refusal was clearly right.   There was evidence that the injury was caused by some one of the servants described.   It was not necessary for the plaintiff to go further, and prove from whose hand the injury came.   See *Mooney* v. *Connecticut River Lumber Co.* 154 Mass. 407.   If she showed that the responsibility rested upon one of a group, that being all that she needed to show, rulings exonerating each member of the group successively would be wrong, either on the ground that evidence against the group was some evidence against each member of it, or else upon the ground that they were irrelevant to the evi-

dence offered. This is another attempt to break the sticks of a fagot separately, although of a different kind from that just dealt with in *Collins* v. *Greenfield, ante*, 78.

The plaintiff testified that the car moved a foot and a half, and there was some evidence tending to show that the motion was caused by letting off the air in the brake in the usual way. The defendant asked a ruling that, if the injury was due to this cause, the plaintiff could not recover. However improbable this account may seem, if the jury found that the defendant let off the air at such a time and in such a way as to throw down a passenger leaving its car and using due care, then, subject to the instructions which were given, they might hold the defendant liable for the result. The judge instructed the jury that, if there was no way to avoid letting the air off in the way in which it was let off, if the way adopted was the usual and proper way, it would not be carelessness. The request for a broader ruling, that there could be no recovery because of any motion imparted to the car by letting off the air brakes, is answered by what we have said. The instructions by the judge upon the same point seem to require no special comment.

Some testimony was put in tending to show that the plaintiff's parents had told a different story out of court. The judge cautioned the jury that the parents' statements were not evidence of the facts stated, but were "used simply for the purpose of affecting the testimony of those parties." This was excepted to, and now it is suggested that a part of the testimony referred to by the judge (not all) was to conversations of the mother in the presence of the child, and that the failure of the child to correct her mother might be found to have been an admission. The form in which the testimony was put in suggested only contradiction of the mother, as nothing was asked or stated concerning the conduct of the child at the interview, and very naturally it did not occur to the judge that any other use was to be made of it. If the counsel for the defendant had thought that he could deduce an admission from the supposed failure of a suffering child of nine or ten in its mother's arms to correct her statement, he was bound to call the attention of the judge to it. Such an inference is not one which the evidence was calculated to suggest.

We have dealt with all the exceptions which were argued. We notice no error elsewhere.          *Exceptions overruled.*