CHARLES KRASNICKI *vs.* BOSTON AND MAINE RAILROAD.

Worcester.    October 2, 1917. — October 23, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Negligence,* Railroad.    *Practice, Civil,* Judge's charge.

In an action against a railroad corporation for personal injuries from being pushed from the step of a car in a train of the defendant, that was backing before starting from a station, when the plaintiff was leaving the train after having gone upon it to see off two friends who were taking the train, the plaintiff's witnesses testified that the station master, whom they named, pushed the plaintiff from the car, and there was no evidence connecting any other employee of the defendant with the accident. The judge, against the objection of the defendant, left it to the jury to say, whether the station master in question "or any other employee of the defendant" pushed the plaintiff and caused him to fall from the car. The defendant's counsel pointed out that there was no evidence that any employee of the defendant other than the station master had injured the plaintiff, and asked the judge to modify his charge in this regard, which the judge refused to do. The jury returned a verdict for the plaintiff, and, after their verdict, in answer to questions from the judge, said that they did not find that the station master named "did it" and that they found that "some other employee" of the defendant did it. *Held,* that the charge was erroneous and prejudicial to the rights of the defendant.

TORT for personal injuries sustained by the plaintiff on February 22, 1915, at a station of the defendant at Winchendon, by reason of being forcibly ejected negligently and wilfully from a car in a train of the defendant which the plaintiff had entered by the defendant's invitation. Writ dated November 24, 1915.

In the Superior Court the case was tried before *Sanderson,* J. The evidence and the course of the trial are described in the opinion.

The judge refused to order a verdict for the defendant and submitted the case to the jury in the manner there described. The jury returned a verdict for the plaintiff in the sum of $5,000; and the defendant alleged exceptions to the refusal to order a verdict in its favor and to the portion of the judge's charge which is described and quoted in the opinion.

*C. M. Thayer,* for the defendant.

*D. I. Walsh, T. L. Walsh & C. B. O'Toole,* for the plaintiff, submitted a brief.

DE COURCY, J. The plaintiff, with two friends who were to take the train for Boston, entered one of the defendant's cars at the Winchendon station. There was testimony that, as he was leaving the car and was standing on the platform or step after the train had begun to move backward, he was pushed off the car and seriously injured. The plaintiff and his friends not only referred to the aggressor as the "station agent," but in the court room they positively identified him as Mr. Hall, who was the station master. There was no evidence connecting any other employee of the defendant with the accident, although there was evidence that one Buss, a brakeman, was on the platform of the next car. The testimony presented by the defendant tended to show, among other things, that station agent Hall did not at any time go upon the Boston train.

In the course of his charge the presiding judge instructed the jury as follows: "It is for you to say, weighing all this evidence, from the first witness to the last, all who have testified anything material to that issue, whether the plaintiff's claim is made out that it was the act of an employee of the defendant that caused him to fall and receive his injury. . . . The burden of proof of course is on the plaintiff to prove that it was the wrongful act of the defendant or some agent or employee of the defendant that caused his injury. Unless the plaintiff establishes that by a preponderance of the evidence, his case falls. If he does establish it, understanding wrongful act as I shall explain it in a moment, liability is established. . . . It is important before you can decide that the plaintiff is entitled to damage, that you find there was some act as claimed by the plaintiff on the part of some employee of the defendant toward him. Unless you find that the station agent or some other employee caused him to fall from the train by pushing

substantially as he states, he would have no case. . . . I will ask you to answer another question, — whether Mr. Hall, the station agent, or any other employee of the defendant, pushed the plaintiff and caused him to fall from the car. . . . The fundamental question in this case is whether there was something in the nature of assault and battery, the use of violence on the part of the station agent or other employee, which caused him to fall from the car." The judge submitted to the jury the question, "2. Did Mr. Hall (who was the station master) or any other employee of the defendant push the plaintiff and cause him to fall from the car?"

The defendant objected to these parts of the charge "as indicating that a verdict might be rendered for the plaintiff if the jury found certain conduct on the part of the station master or other agent or employee of the defendant when there was no evidence that any agent of the defendant other than the station master had injured the plaintiff, and requested the judge to modify such passages; and also the question which the judge in the charge stated he wished the jury to answer by inserting such phrases as would limit the act to the station master." The judge declined to grant this request, and an exception was taken to such parts of the charge and to the submission of the question to the jury.

After the jury had returned a verdict for the plaintiff, and before they were discharged, the judge asked them the following questions, and received the answers as stated:

"1. I would like to ask if you found Mr. Hall did it, the station agent?" The jury answered, "No."

"2. Some other employee?" The jury answered, "Yes."

If the plaintiff's evidence merely had shown that his injury was caused by one of the defendant's employees engaged on the train, it would not have been necessary for him to go further and prove from whose hand the injury came. *Pomeroy* v. *Boston & Maine Railroad*, 172 Mass. 92. But he not only positively identified station agent Hall as the one who pushed him, but on the evidence disclosed by this record no one else could have been responsible. In these circumstances the jury well might suppose from the instructions quoted that they would be justified in finding that some employee other than the station agent was the aggressor, notwithstanding that the evidence did not support such a finding. In view of their answer to the question of the judge it seems apparent

that they were so misled.  This error in the charge, to which the judge's attention was called specifically, was prejudicial to the rights of the defendant, and the entry must be                    ·

*Exceptions sustained.*