JEFFERY v. JEFFERY.

Opinion delivered October 12, 1908.

1. EVIDENCE—DECLARATIONS AS EVIDENCE OF TITLE.—The declarations of a person are not admissible to prove that he was in adverse possession of land in controversy, though, upon proof of his possession, they may be admitted to show the character and extent thereof. (Page 497.)

2. LIMITATIONS—ADVERSE POSSESSION AS INVESTITURE OF TITLE.—To amount to an investiture of title, there must be open, notorious, peaceable, continuous and adverse possession for more than seven years. (Page 498.)

Appeal from Izard Circuit Court; *John W. Meeks,* Judge; reversed.

*J. B. Baker,* for appellants.

1. The paper title is in P. H. Jeffery, the appellant, and the verdict of the jury is not sustained by the evidence. No title is shown in the mother of appellees, and the proof does not show seven years open, notorious, adverse possession, nor that their ancestor died in actual possession. 15 Cyc. L. & P. 36-39 and notes; 43 Ark. 320. No superior title is shown. 15 Cyc. L. & P. 40, 41, notes.

2. No color of title is shown, nor is there proof of adverse possession for the requisite period. 27 Ark. 632; 65 *id.* 422; 31 *id.* 334; 77 *id.* 244, 477; 76 *id.* 163; 64 *id.* 100.

3. It was error to admit the statements of the deceased father. 10 Ark. 398; 15 *id.* 255; 70 *id.* 427; 44 *id.* 213. They were incompetent. 6 Ark. 109; 24 *id.* 111; 40 *id.* 237.

*McCaleb & Reeder,* for appellees.

1. Possession of land for the full period of limitation amounts to an investiture of title, without color of title. 34 Ark. 534; *id.* 547; 48 *id.* 312; 65 *id.* 422; 33 *id.* 150. .

2. The statements of the father in his lifetime, as to the ownership of the land, were properly admitted. 1 Enc. of Ev. n. 76; 12 *id.* 566; 33 Ark. 150; 65 *id.* 422; 77 *id.* 309; 95 Am. Dec. 208.

3. The evidence is ample to sustain the verdict.

HART, J. This is an action of ejectment brought in the Izard Circuit Court by the plaintiffs, M. E. Jeffery, W. W. Jeffery

and R. M. Jeffery, against the defendants, P. H. Jeffery and the Mt. Olive Stove Company, for the possession of the lands described in the complaint.

Plaintiffs allege that their mother, Mary A. Jeffery, departed this life intestate on the 19th day of August, 1892, leaving them as her children and only heirs at law, and that at the date of her death she was seized and possessed of the lands described in the complaint. That the plaintiffs became tenants in common of said lands, subject to the curtesy of their father, Asa Jeffery, who held possession of the lands until his death, which occurred in June, 1906. That the plaintiffs and their said ancestors have held the open, notorious, peaceable, continuous and adverse possession of said lands for more than seven years continuously prior to the year 1904, claiming it as their own, and that they became the owners thereof by virtue of the statute of limitations.

Defendants answered, denying the allegations of the complaint, and affirmatively set up title in themselves by virtue of a commissioner's deed executed pursuant to the judgment and order of the probate court of Izard County.

The evidence is sufficiently stated in the opinion in discussing the effect of it.

There was a jury trial and a verdict for the plaintiffs, and defendants have appealed.

Defendants contend that the verdict is not sustained by the evidence. In this they are correct. It is not disputed that the paper title is in the defendant, P. H. Jeffery. In 1873 Asa Jeffery, the father of the plaintiffs, and Ambrose Jeffery, while they were partners in business, bought the land in controversy at a guardian's sale in the probate court, and executed their note for the purchase money. They were indebted to the defendant, P. H. Jeffery, for service rendered the firm, and assigned to him their certificate of purchase in payment therefor and for the further consderation that he pay the balance due by them on the purchase money. This he did, and by order of the probate court the deed was executed to him, reciting the above facts. Plaintiffs claim title by the adverse possession of themselves and of their ancestors. In support of their claim, they testified that their father, Asa Jeffery, had told them that the land in controversy belonged to their mother. These decla-

rations were not admissible for the purpose of establishing adverse possession, but were only admissible to show the character and extent of his possession. *Seawell* v. *Young*, 77 Ark. 309.

The only other evidence is that of witnesses who testify that P. H. Jeffery had admitted to them that the land in controversy belonged to Asa Jeffery, and that he had paid a mare at one time and some cotton at another to Asa Jeffery, which witness M. E. Jeffery understood was for rent of the land. P. H. Jeffery explains that he had sold Asa Jeffery a mare and took his notes for same, and that he sent M. E. Jeffery after them. He stated that block 6, which belonged to Asa Jeffery, and block 7, the land in controversy, were under a common inclosure by agreement, and that he rented both pieces to the same tenant in 1888. That he collected the rent and sent half of it to Asa Jeffery by M. E. Jeffery.

Plaintiffs and their ancestors must have held the open, notorious, peaceable, continuous and adverse possession of the lands for more than seven years to amount to an investiture of title. *Jacks* v. *Chaffin*, 34 Ark. 534; *Logan* v. *Jelks*, 34 Ark. 547; *Crease* v. *Lawrence*, 48 Ark. 312; *Nicklace* v. *Dickerson*, 65 Ark. 422.

We do not think that the admissions testified to as having been made by P. H. Jeffery are sufficient to establish title by adverse possession.

The judgment is reversed, and the cause remanded for a new trial.