WALDROOP *v.* RUDDELL.

Opinion delivered October 24, 1910.

1. LOST INSTRUMENT—PAROL EVIDENCE.—Where a will is admitted to have been lost, parol evidence of its existence and effect is admissible. (Page 172.)

2. APPEAL AND ERROR—CHANCERY CASES.—Though appeals from chancery courts are tried *de novo,* a chancellor's findings of fact will be sustained unless clearly against the preponderance of the evidence. (Page 174.)

3. EVIDENCE—HEARSAY.—In an action involving the title to land testimony of witnesses that they understood that a certain person owned the land in controversy was inadmissible, being hearsay. (Page 175.)

4. SAME—DECLARATIONS AS TO TITLE.—While declarations of a person going to show the character and extent of his possession are competent, his declarations as to his title are not competent for the reason that they are self-serving declarations. (Page 175.)

Appeal from Sebastian Chancery Court; *J. Virgil Bourland,* Chancellor; affirmed.

*Rowe & Rowe,* for appellant.

*Holland & Holland,* for appellee.

This court will not disturb the findings of a chancery court unless it is clearly contrary to the preponderance of the evidence. 68 Ark. 314; 71 Ark. 605; 72 Ark. 67; 73 Ark. 487; 75 Ark. 52; 77 Ark. 305.

HART, J. This suit was instituted in the Sebastian Chancery Court for the Greenwood District by Rebecca Waldroop against Edward Ruddell, Tom Chamberlain, Joe Jones, Sr., and Joe Jones, Jr., and the relief sought was to enjoin defendant, Edward Ruddell, and the other defendants as his lessees from operating a coal mine and destroying the timber on the following described lands: The southeast quarter of the southeast quarter of section 20, and northwest quarter of northeast quarter of section 29, all in township 6 north, range 31 west, in Sebastian County, Arkansas. Both the plaintiff, Rebecca Waldroop, and the defendant, Edward Ruddell, claim title to the lands, and both parties claim from a common source.

Edward Ruddell was the husband of Mary Ruddell, and Rebecca Waldroop was her daughter by a former husband. Mary Ruddell was the daughter of Burrell P. Evans, who, it is admitted, originally was the owner of the lands. She was married to Edward Ruddell in January, 1853, and subsequently

during the same year they moved on the lands in controversy.

Burrell P. Evans died testate in 1864, and Mary Ruddell died intestate in 1891. It is the contention of the plaintiff, Rebecca Waldroop, that Burrell P. Evans devised the lands in controversy to her mother, Mary Ruddell, and that she inherited from her mother. On the other hand, it is the contention of the defendant, Edward Ruddell, that under the terms of the will of Burrell P. Evans he and his wife, Mary Ruddell, were each seized of an entirety in the lands in controversy, and that, upon the death of Mary Ruddell, he took the whole estate; and could therefore sell or lease the same.

The determination of this question is the real issue in the case.

Edward Ruddell testified that after the death of Burrell P. Evans he deposited his will with the clerk at the courthouse. That subsequently the courthouse burned down, and that thereafter the will could not be found. Rebecca Waldroop, the plaintiff, also testified that the will of Burrell P. Evans had been lost or destroyed. This was sufficient to admit secondary proof by parol of its existence and effect. *Calloway* v. *Cossart,* 45 Ark. 81. Rebecca Waldroop further testified that she had read the will of said Burrell P. Evans; that he devised 80 acres of land to each of his six children, and that the land in controversy was devised to her mother, Mary Ruddell; that during her lifetime Mary Ruddell conveyed to her by deed one of the forty-acre tracts in controversy, and that Mary Ruddell owned the remaining forty at the time of death, which occurred some time during the year 1891.

Other witnesses for plaintiff testified that it was their understanding that Burrell P. Evans had devised the lands in controversy to Mary Ruddell, but they admitted that they had never seen the will. Some of them said that Mary Ruddell was buried on the land, and had expressed a wish to be buried there because she owned the land; that she had reference to the forty-acre tract, which she did not convey to the plaintiff. Another witness, a daughter of Edward and Mary Ruddell, testified that her father told her one time that the children would not allow him to sell the land, and that he was not going to pay the taxes on it. Another witness testified that he had a con-

versation with Edward Ruddell about four years before, in which he advised him to sell the land and live on the proceeds; and that Ruddell replied that he was about to sell it, and some of the children would not sign the deed; that Edward Ruddell said that he did not know whether it was willed to Mary Ruddell or Mary Ruddell and Edward Ruddell.

Edward Ruddell testified that he read the will of Burrell P. Evans before it was destroyed, and that it began like this: "I bequeath to my daughter, Mary, and her husband, Edward Ruddell, southeast of the southeast section 20, township range 31; northwest of the northeast section 29, range 31, township 6;" that there was found with the will and land papers, deeds and patents of Burrell P. Evans, after his death a memorandum of the will. It is as follows:

"Ed. I. Ruddell southeast quarter of the southeast quarter, section 20, township 6, range 31, northwest quarter, northeast quarter, section 29, township 6, range 31.

"2. Caroline S. Tedford, north half, northeast quarter, section 7, township 6, range 31 (Matilda Robbins and John G. Robbins, northwest quarter, southeast quarter, section 29, township 6, range 31, and northeast quarter, southeast quarter, section 17, township 6, range 31).

"3. Heirs of John Evans, south half, northeast quarter, section 8; northeast quarter, southeast quarter, township 6, range 31.

"4. Wiliam P. Evans, northwest quarter, southwest quarter, section 8; northeast quarter, southeast quarter, township 6, range 31; southeast quarter, section 7.

"Dihahah Evans, north fractional quarter, northwest fractional quarter, section 8, township 5, range 31.

"6. Sarah Evans and her assigns for and during the term of her natural life all remaining lands, houses, tenements, horses, cattle, feed, etc."

Edward Ruddell further testified that he and Mary Ruddell moved on the land in controversy soon after their marriage in 1853, and that he has been in possession of the land (except one forty which he and his wife deeded to the plaintiff) ever since. That he included in the deed to plaintiff another forty-acre tract, which belonged to him individually. That the reason

for doing this was that they were giving each of their children eighty acres, and that he did not want to make any discrimination in regard to the plaintiff because she was his stepdaughter. That several years after Mary Ruddell had died, and after he had married again, the plaintiff came to him, and stated that the former deed had been burned, and requested that he execute another deed to the land. This he did. The second deed was executed by him and his second wife. The plaintiff admits this to be true except in regard to the first deed, which, as above stated, she says was signed only by Mary Ruddell.

In response to the question, "All the time you was in possession up to the time your wife died, you were living together, and she was in as much possession as you was?" he answered, "Yes, sir; whatever was mine was hers."

Other witnesses in his behalf testified that the plaintiff had said to them that if it had not been for Edward Ruddell she would not have had a foot of land; and that Mary Ruddell had expressed a wish to be buried near a certain rock on the land in controversy because she had often rested there with her children while carrying milk to a neighbor's.

The forty-acre tract which the defendant, Edward Ruddell, conveyed to the plaintiff passed out of the case, and, as to the remaining forty, the chancellor found that the defendant, Edward Ruddell, and Mary Ruddell, his wife, under the will of Burrell P. Evans, became seized of an entirety, and that upon the death of the wife, the whole estate went to the husband as survivor.

Accordingly a decree was entered in favor of the defendant, Edward Ruddell, and the plaintiff has duly prosecuted an appeal to this court. While appeals from chancery courts are tried *de novo* on the record made in the court below, it has always been the settled rule of the court that the findings of fact made by the chancellor will be sustained unless clearly against the preponderance of the evidence. This rule has been announced so often as to render a citation of authority in support of it unnecessary.

The testimony of witnesses in behalf of appellant that they understood that Mary Ruddell owned the land in controversy was incompetent as being hearsay. Their testimony as to what

Mary Ruddell said about her title to the land was also incompetent. While it has been held that declarations of a decedent going to show the character and extent of his possession are competent, declarations as to title are not competent for the reason that they are self-serving declarations. *Seawell* v. *Young,* 77 Ark. 309; *Jeffery* v. *Jeffery,* 87 Ark. 496.

It is conceded by both parties that Burrell P. Evans made a will devising the land in controversy, and that the will was lost or destroyed. The plaintiff and the defendant, Edward Ruddell, so far as the record discloses, are the only persons who know anything about the contents of the lost will. The memorandum which was found with the will to some extent strengthens the testimony of Edward Ruddell. It shows that he was in the mind of the testator when he began to prepare his will. In any event the chancellor found the facts in favor of the defendant, Edward Ruddell, and it can not be said that his findings are clearly against the weight of the evidence.

The decree will therefore be affirmed.