## STRICKLAND v. STRICKLAND.

### Opinion delivered March 18, 1912.

1. EVIDENCE—SELF-SERVING DECLARATIONS.—Declarations of a party concerning the title to land may be received when made against his interest, but not to establish his own title or claim or the claim of those holding under him. (Page 186.)

2. SAME—SELF-SERVING DECLARATIONS.—Self-serving declarations of a party concerning the nature of another's possession of land are inadmissible. (Page 186.)

3. SAME—WAIVER OF OBJECTION.—The fact that appellant did not object to the testimony of a witness concerning a self-serving declaration made many years before the trial will not preclude him from insisting upon an objection to proof of a recent declaration to the same effect. (Page 186.)

4. APPEAL AND ERROR—SUFFICIENCY OF OBJECTION.—A general objection to evidence reaches to its competency and relevancy. (Page 187.)

5. SAME—SUFFICIENCY OF OBJECTIONS TO INSTRUCTIONS.—Objections to the form of instructions are insufficient to reach their substance. (Page 187.)

Appeal from Faulkner Circuit Court; *Eugene Lankford*, Judge; reversed.

### STATEMENT BY THE COURT.

Appellees instituted an action of ejectment against the appellants to recover the possession of the following described land situated in Faulkner County, Arkansas, towit: southwest quarter of section 2, township 6 north, range 11 west.

Mather Strickland, Sr., originally owned this land, and was the father of the appellant and the grandfather of the appellees. He died on March 2, 1908. A deed was introduced in evidence purporting to convey this land from M. Strickland, Sr., to M. Strickland, Jr. It was dated December 2, 1897; the deed was filed for record in the recorder's office on the 11th day of December, 1900, and, as recorded, the description was southwest quarter of section "12." The deed was offered for record again on October 2, 1909, and was then

recorded as the southwest quarter of section "2," as it now appears on the face of the deed. It is the contention of the appellee that appellant forged this deed, and that he was in possession of the land for the lifetime of his father by his permission. They introduced testimony to establish that contention. Appellant insists that he did not forge the deed, and that he did not change or alter it in any way after it was delivered to him by his father. He introduced testimony tending to support his claim.

Appellant also relied upon the defense of adverse possession for the statutory period of seven years, and introduced testimony to establish that defense. The jury returned a verdict for the appellees, and from the judgment rendered appellant has prosecuted an appeal to this court.

Appellant went into the possession of this land in December, 1897, the date of the execution of the deed from his father to him, and has been in possession of it ever since. He introduced testimony which, if true, established his title and right of possession to the land. In rebuttal, appellees introduced testimony of witnesses who testified that after appellant had gone into possession of the land M. Strickland, Sr., told them that the land belonged to him, and that he had simply let his son have it during his lifetime. Counsel for appellant assigned as error the action of the court in admitting this testimony.

On this question T. M. Hogue was the first witness. He testified that in February, 1899, after appellant had gone into possession of the land, M. Strickland, Sr., told him that the land belonged to him, and that he had let his son have it during his (the father's) lifetime. No objection was made and no exceptions saved to the introduction of the testimony of this witness.

W. M. Parrish testified: M. Strickland, Sr., told me that he bought some land which appellant intended to buy, and that the appellant became a little mad about it; that he then told the appellant that he might clear up and cultivate the land in controversy and hold it during his (the old man's) lifetime. This conversation happened about fifteen or sixteen years ago. Objection was made to this testimony by appellant, and his exceptions to it duly saved.

M. O. Strickland testified: In May, 1907, I discovered from the records in the recorder's office that a deed was on record from M. Strickland, Sr., to the appellant, his son, to the southwest quarter of section 12, township 6 north, range 11 west. This land belonged to me, and I went to see M. Strickland, Sr., about perfecting my title to it. M. Strickland, Sr., admitted to me that he did not claim title to this land, but said that he owned the southwest quarter of section 2, in the same township and range. That is the land in controversy. He told me that he had never made a deed to his son to it, but had leased it to his son for his (the father's) lifetime. This conversation with my grandfather was had in the year before he died.

The record shows that this testimony was objected to on the ground that it was not in rebuttal and for other reasons. Arthur Richardson testified that he was a grandson of M. Strickland, Sr., and that he heard the conversation detailed by M. O. Strickland as having occurred between him and his grandfather.

*J. W. & J. W. House*, for appellants.

The testimony of M. O. Strickland and others as to the declarations made by M. Strickland, Sr., after he had parted with his title and while the exclusive possession of the land was in another, was inadmissible. 136 Fed. 343; 135 Ala. 332; 145 *Id.* 557; 120 Ga. 536; 164 Ill. 614; 140 Ind. 483; 124 Iowa, 729; 84 S. W. 1163; 105 La. 144; 145 Mich. 203; 78 U. S. 506; 67 Cal. 615; 35 Conn. 328; 62 Ga. 332; 111 Ill. 53; 79 Ind. 328; 25 Iowa, 104; 37 Me. 63; 91 Pa. St. 462; 33 W. Va. 449; 99 Cal. 523; 9 Ark. 91; 43 *Id.* 320; 74 *Id.* 104; 83 *Id.* 186; 90 *Id.* 149.

*R. W. Robins* and *P. H. Prince*, for appellees.

1. The statements of the grantor were competent evidence; but, if not, there was ample evidence to sustain the decree. 14 Ark. 503; 22 *Id.* 79; 56 *Id.* 37; 58 *Id.* 353; 446; 68 *Id.* 606. No prejudice is shown. 77 Ark. 74; *Ib.* 417; 89; Ark. 218.

2. The judgment is right upon the whole record. 44 Ark. 556; 46 *Id.* 542.

HART, J., (after stating the facts). We think that the court committed an error in admitting this testimony. The dec-

larations were in the interest of the declarant, and not in any respects against his interests.

Appellant was in possession of the land at the time the declarations were made, and it was to the interest of M. Strickland, Sr., to establish that he had title to the land. The evidence at best was hearsay evidence, and should have been excluded under the general rule in relation to such evidence. Appellant had a deed to this land at the time the declarations were made purporting to be executed to him by his father, and he and not the declarant was in possession of the land. The evidence was not competent as tending to show that the deed was a forgery. A doctrine which would admit evidence of such a character would be a most dangerous one, since it would allow the most reliable evidence of title to land to be overcome by evidence of declarations made many years before when the declarant was not in possession of the land. The declarations of a party in possession are only admissible in evidence against himself or his privies in blood or estate, and are not admissible to attack or destroy the title, for that is of record and of a higher and stronger nature than to be attacked by parol evidence. Such declarations made by a person in possession are competent simply to explain the character and extent of the possession in a given case. It is the settled law in this State that the declarations of a party may be received that are made against his interests, but not to establish his own title or claim, or the claim of those holding under him. *Sewell* v. *Young,* 77 Ark. 309; *Waldroop* v. *Ruddell,* 96 Ark. 171; *Jeffery* v. *Jeffery,* 87 Ark. 496; *Cotton* v. *Citizens Bank,* 97 Ark. 568; *Butler* v. *Hines,* 101 Ark. 409; *Russell* v. *Webb,* 96 Ark. 190.

For the same reason such testimony would not be admissible as tending to prove that the possession of appellant was not adverse, because they were self-serving declarations.

It is insisted by counsel for appellees that, even if we should hold that this testimony was incompetent, appellant has waived his right to object to it, because he did not save exceptions to the testimony of the witness Hogue who first testified on the subject. We do not think so. The testimony of the witness Hogue was as to a conversation had many years before, and counsel for appellant on that account may have

thought that it was of such an unreliable character of evidence that it would not have any influence on the verdict of the jury, and therefore did not object to it. The testimony of the witness M. O. Strickland was as to a conversation had with his grandfather in the year before his death, and was made with relation to matters that concerned the land in controversy, and on that account was likely to have more weight with the jury. Counsel for appellant objected to this testimony, because it was not in rebuttal and for other reasons. The latter was a general objection and reached to its competency and relevancy.

There were two issues of fact presented to the jury. First, whether the deed purporting to have been executed by M. Strickland, Sr., to appellant was a forgery, and, second, whether appellant had obtained title by adverse possession for the statutory period of seven years. The testimony on both these questions was conflicting, and presented disputed questions of fact. It is apparent, then, that the admission of the incompetent evidence on this question was prejudicial to the rights of the appellant.

Counsel for appellant also urge that the court erred in certain instructions given to the jury; but, inasmuch as their objections to the instructions go to the form rather than the substance of the instructions, specific objections should have been made in the court below; and, this not having been done, we do not deem it necessary to consider the objection now urged.

For the error in admitting the testimony of the declarations of M. Strickland, Sr., as to his claim of title to the land as above indicated, the judgment will be reversed, and the cause remanded for a new trial.