POLLOCK STORES COMPANY *v.* CHATWELL.

4-4114

Opinion delivered January 27, 1936.

84

*Buzbee, Harrison, Buzbee & Wright,* for appellant.
*Joseph R. Brown,* for appellee.

JOHNSON, C. J. This action was instituted in the Sebastian Circuit Court by appellee, Walter Chatwell, against Pollock Stores Company and John McShane to compensate a personal injury alleged to have been sustained by the negligent operation of appellant's automobile upon a public thoroughfare in Fort Smith. Trial to a jury resulted in a verdict and consequent judgment in appellee's favor for the sum of $5,000, from which, appellant, Pollock Stores Company, appeals.

But one contention is urged for reversal, namely: that the jury's verdict is not supported by substantial testimony, but this contention makes it necessary to review the testimony.

The testimony adduced was to the effect that appellant, Pollock Stores Company, is a foreign corporation and owns and operated stores in the city of Fort Smith; that John McShane was at all the times heretofore stated an employee and manager of said stores in Fort Smith, and that on October 23, 1934, McShane directed one Buddy Price a colored boy to drive his personal automobile to its place of storage in said city; that, while this colored boy was performing the service demanded by McShane, he drove the car upon the sidewalk and ran it against and over appellee, inflicting very serious and painful injuries. Appellant argues that the negro boy who was called upon by McShane to drive the car to its place of storage was not an employee of Pollock Stores Company; that the car belonged to McShane and not to the Pollock Stores Company; and that the negro boy while driving the car to storage was performing no duty for it. Specifically, the testimony in behalf of appellee

upon the contention urged by appellant when viewed in the light most favorable to him as we are required to do under repeated opinions of this court was to the effect that the colored boy was at intervals employed by Pollock Stores Company to do janitor services, but that on the day of appellee's injury he was not so engaged, but on the contrary had been specifically told by McShane that his services were not needed that day; the automobile which inflicted appellee's injury was the property of McShane, but it had been used on various occasions by appellant's employees in effecting deliveries of merchandise and making collections of accounts. There is no direct or positive testimony showing that the negro boy was performing any service to or for appellant at the time of appellee's injury except such inference as may be drawn from the facts and circumstances detailed. This testimony is insufficient to support the jury's verdict.

The crux of this case is: Was the negro boy performing service for Pollock Stores Company at the time of the injury? The automobile did not belong to the Pollock Stores Company, and at the time of the injury was being driven to storage and not in actual service for appellant unless it could be determined that it was an instrumentality incident to appellant's business. It is true that under the law McShane's ownership of the automobile is not conclusive that appellant was not interested in its keep and operation. See *Southwestern Bell Telephone Company* v. *Roberts,* 182 Ark. 211, 31 S. W. (2d) 302. But the ownership being in McShane places the burden of proof on appellee to show that Buddy Price was a servant of appellant, and was at the time of the injury engaged in the furtherance of his master's business. See vol. 7 and 8, Huddy's Enc. of Auto. Law, p. 231, and vol. 9, § 6057, Blashfield's Enc. of Auto. Law.

The mere fact that McShane permitted employees of appellant to use his automobile at times in performing services for appellant is too conjectural in effect to compel the conclusion that the automobile at the time of the injury was in performance of appellant's business, or was an incident thereto. It is equally as probable, if conjecture may suffice, that the car was not in such use.

We do not hold that this testimony was incompetent, but that, standing alone, it is not sufficient to support the jury's verdict.

In view of a new trial we notice that the trial court refused to permit appellee to show by testimony that appellant had liability insurance upon McShane's automobile at the time of appellee's injury. Under our opinion in *Delamar & Allison* v. *Ward,* 184 Ark. 82, 41 S. W. (2d) 760, this testimony was competent and relevant as tending to establish appellant's interest in McShane's automobile, but after admission should be restricted in application and effect as pointed out in the case last referred to.

For the error indicated the cause is reversed, and remanded for a new trial.