CENTER *v.* GOSE.

4-6439                                    155 S. W. 2d 52

Opinion delivered October 27, 1941.

*C. C. Elrod* and *G. T. Sullins,* for appellant.

*H. L. Pearson,* for appellee.

SMITH, J.   Herman Center died testate June 6, 1939. His estate was administered upon and distributed, except that his widow claimed that her deceased husband owned an undivided one-third interest in a liquor business in the city of Siloam Springs, operated in the names of the testator's son and stepson, which the executor had not listed with the assets of the estate, and the widow brought suit to recover her interest in this business.

The testator had a son named LeRoy Branton Center, and he had married a widow who had a son named J. W. Gose.   Center had no children by his surviving widow.   Both these boys were reared by Mr. Center, and were regarded by him as his sons.   They decided to engage in the liquor business, but had only a thousand dol-

lars between them, which was insufficient to launch the enterprise. They proposed to their father that a partnership be formed, each to have a third interest. Mr. Center declined the proposal, but he did advance his sons the sum of $1,200. The widow contended that this was not a mere loan, but was a contribution of her husband to the partnership enterprise, which was intended to make, and did make, Mr. Center an equal partner, owning a one-third interest.

To sustain this contention a number of persons testified as to statements made by Mr. Center showing that he was interested in the business. This was hearsay testimony, and it was not shown that Mr. Center asserted ownership of a one-third interest in the business in the presence of either of his sons. *Strickland* v. *Strickland*, 103 Ark. 183, 146 S. W. 501; *Waldroop* v. *Ruddell*, 96 Ark. 171, 131 S. W. 670; *Beichslich* v. *Beichslich*, 177 Ark. 47, 5 S. W. 2d 739; *Mushrush* v. *Downing*, 181 Ark. 85, 24 S. W. 2d 972.

Mr. Center did, however, have an interest in the business, and the sons explained that interest. The explanation was that their father declined to become a partner, but did make a $1,200 loan with the understanding that so long as the loan remained unpaid he should receive one-third of the profits, but that he assumed no responsibility for the partnership, and might retire when he pleased, whereupon the loan should be repaid.

The business was very profitable, and Mr. Center shared equally with his sons in the profits, and was paid as profits a much larger sum that he had advanced. Mr. Center's health failed, and his sons testified that their father decided that he would sever his connection with the business, and this retirement was accomplished by the execution of the following written instrument:

"Contract of Sale.

"Memoranda of an agreement, made and entered into this 3d day of January, 1939, by and between I, H. Center of Siloam Springs, Arkansas, being in poor health and not being able to assist or engage in any active business and being desirous of winding up my

business and other affairs; and having invested about $1,200 in the Kentucky and Silver Dollar Liquor Stores, located at St. Nichlos Avenue, in Siloam Springs, Arkansas, to assist my son Branton Center and J. W. Gose, my stepson, both of whom I raised, to engage in said business and from which I have received about $12,000, having been able to assist them and not now being able to do so, and to wind up my affairs as I would like, I, for and in consideration of the sum of $1,200 payment by promissory note and other considerations; that is they being my son and stepson, I hereby sell, quitclaim and deliver up to them all my right, title and interest in both the Kentucky and Silver Dollar Liquor Stores as described above, which shall and does include all furniture, fixtures, stock of merchandise, moneys and accounts now as of January 1, 1939, belonging to the partial partnership of Center, Center & Gose to my son Branton Center and my stepson J. W. Gose.

"And it is further agreed that we, Branton Center and J. W. Gose, hereby purchase the interest of the said H. Center and all his right, title and interest in the furniture, fixtures, stock of merchandise, moneys and accounts of the partnership of Center, Center & Gose, owners of the Kentucky and Silver Dollar Liquor Stores located on St. Nichlos Avenue, in the city of Siloam Springs, Arkansas, upon the conditions as above set forth.

"Witness our hands and seals in triplicate this 3d day of January, 1939.

> "(Signed)   H. Center,
> Party of the First Part.
> (Signed)   Branton Center,
> (Signed)   J. W. Gose,
> Parties of the Second Part.

"Witnesses to signatures of the signing and signatures of H. Center, party of the first part, and Branton Center and J. W. Gose, parties of the second part.

> "(Signed)   Glenn Williams,
> (Signed)   R. W. Egy."

The complaint of Center's widow was dismissed as being without equity, and from that decree is this appeal.

The large record presents only the question of fact whether Mr. Center was a partner, and, if so, whether he had retired from the partnership.

The paper writing above exhibited appears to be conclusive of this question of fact. It is contended, however, that the signature of Mr. Center was forged, and that, if not so, he did not have mental capacity to make the contract.

There appears but little testimony to support the contention that Mr. Center lacked mental capacity to make a valid contract. He did have a stroke, following which his health was very poor, but the contract was executed before the stroke.

Much and very conflicting testimony was offered as to the genuineness of Mr. Center's signature, and the usual conflict appears in the testimony of witnesses testifying as experts. It would serve no useful purpose to review these conflicts. The attesting witnesses tipped the balance in favor of the finding made by the court below. Unless the crimes both of forgery and of perjury have been committed, Mr. Center signed the contract, and we do not find that either of these offenses was committed. The testimony shows that the consideration inducing the contract was paid.

Being unable to say that the finding of the court below is contrary to the preponderance of the testimony, the decree must be affirmed, and it is so ordered.