BROWN *v.* KEATON.

5-2051 334 S. W. 2d 676

Opinion delivered April 11, 1960.

*Donald Poe, Hardin, Barton, Hardin & Garner,* for appellant.

*Harper, Harper, Young & Durden, George F. Edwardes,* for appellee.

GEORGE ROSE SMITH, J. This suit for personal injuries and property damages arose from a collision between two vehicles. One was a truck owned by the plaintiff McEntire and being driven by his fourteen-year-old grandson, the plaintiff Clifton Brown, Jr., who was traveling upon a mission of his own. The second vehicle was a tractor-trailer owned or leased by the

defendant Keaton and being driven by the defendant Welch. This vehicle was also occupied by a relief driver, the defendant Roseberry, who was asleep at the time of the collision.

McEntire and his grandson alleged in their complaint that Welch and Roseberry were employees of Keaton and that the accident was due to Welch's negligence in crossing the center line of the highway. By answer and cross complaint against the plaintiffs the defendants asserted that Welch was an independent contractor and that it was young Brown who was on the wrong side of the road. In response to special interrogatories the jury attributed the total negligence to Welch and Brown, 50 per cent each, and found that Welch was an independent contractor. The only recoveries were a $500 verdict against Welch for McEntire's property damage, a $3,142.16 verdict against Brown for Keaton's property damage, and a $7,500 verdict against Brown for Roseberry's personal injuries. The plaintiffs have appealed, and Welch has cross appealed.

The appellants argue two points for reversal. First, it is contended that the court erred in excluding paragraph 8 of a written contract by which Keaton, who owned the trailer, had leased the tractor from Welch. To show the relation between Keaton and Welch their attorney offered in evidence, and the court admitted, a copy of the lease contract from which paragraph 8 had been deleted. This contract, which is perfectly intelligible without the omitted paragraph, sets out the terms upon which Keaton leased Welch's tractor for a year.

Thereafter counsel for the plaintiffs offered the omitted paragraph, which provides in part that liability insurance "will be carried by Keaton at the expense of Welch, at the rate of 5%, to be deducted from each weekly check of Lessor." It is now insisted that this provision was admissible to show that Keaton exercised a measure of control over Welch and so might have been found to be his employer.

We agree that the contractual provision for liability insurance, though not admissible for all purposes, might

have been considered by the jury as bearing upon Welch's status as an employee or independent contractor. *Delamar* v. *Ward,* 184 Ark. 82, 41 S. W. 2d 760; *Pollock Stores Co.* v. *Chatwell,* 192 Ark. 83, 90 S. W. 2d 213. But both those cases point out that the jury should be instructed to consider the insurance arrangement only with respect to the narrow issue upon which it is admissible. It was therefore incumbent upon the plaintiffs, in offering proof not admissible for all purposes, to request the court to admit it for the limited purpose only. No such request was made, however, and it is settled that in the absence of such a request the exclusion of the evidence is not reversible error. *Kansas City So. Ry. Co.* v. *Leslie,* 112 Ark. 305, 167 S. W. 83, Ann. Cas. 1915B, 834; *Thacker* v. *Hicks,* 215 Ark. 898, 224 S. W. 2d 1.

Secondly, the jury's original answers to the special interrogatories were incomplete and conflicting. It is contended by the appellants that the trial judge erred in his successful efforts to elicit from the jury a set of harmonious answers, but we have concluded that no error was committed.

The first three interrogatories and the jury's original answers were, in substance, as follows: 1. Do you find that Welch was negligent? "No." 2. Do you find that Brown was negligent? "No." 3. If your answers to 1 and 2 are "Yes," then using 100% to represent the total negligence state what per cent you attribute to the following persons: Welch ——; Brown ——. The jury inserted "50%" in each of these blanks. Interrogatories 4 and 5 contained blank spaces for the insertion of the monetary damage suffered by each of the five litigants, but the jury did not originally fill in any of those blanks.

When Judge Wolfe examined the verdicts he first asked the jury how it was that in response to interrogatories 1 and 2 they found no negligence, but in the third interrogatory they divided the negligence 50-50. The jurors replied that by their answers to 1 and 2

they meant that neither Welch nor Brown was 100% negligent. The court explained that interrogatories 1 and 2 were merely intended to find out whether Welch and Brown were guilty of *any* negligence. With this explanation in mind the jurors returned to the jury room and corrected their answers to 1 and 2 to read "Yes." Up to this point the appellants make no complaint about the trial court's action, which was manifestly correct. The jury undoubtedly intended all along to find that Welch and Brown were both negligent, in equal degree.

The court next discussed with the jury the matter of fixing the pecuniary damages suffered by the various parties. In the course of this discussion the foreman of the jury remarked: "We are just assuming that by putting that 50-50 nobody would get anything." In view of this statement plaintiffs' counsel asked the court to inquire if the jury intended that no one should recover anything, but the court refused to put this question. Instead, the judge explained to the jury that the apportionment of fault and the fixing of damages are separate and independent matters. He pointed out that all the parties had stipulated that McEntire's property damage was $500 and that Keaton's was $3,142.16; there was at least an intimation that the jurors were bound by the stipulations. After this discussion the jury again retired and fixed the property damages at the stipulated sums and Roseberry's personal injuries at $7,500.

The appellants argue that Judge Wolfe made two errors in his efforts to assist the jury in arriving at the various litigants' recoverable damages. It is contended, first, that the court's intimation that the jury was bound by the stipulations amounted to a comment on the evidence, and, second, that the court should have asked the jurors if they really intended for no one to recover anything at all.

We think the court was right in both instances. On the first point the jurors *were* bound by the stipulations. When the evidence is wholly undisputed the court may and should take that issue from the jury. *Pacific Mut. Life Ins. Co.* v. *Walker,* 67 Ark. 147, 53 S. W. 675; *El*

*Dorado & Bastrop R. Co.* v. *Whatley*, 88 Ark. 20, 114 S. W. 234, 129 A. S. R. 93. A stipulation is the equivalent of undisputed proof; it leaves nothing for the jury to decide. Hence there was no need for the court even to submit to the jury the question of McEntire's and Keaton's property damages. The court might properly have submitted only the apportionment of fault, since that was the single missing factor that the court needed for the entry of a judgment in accordance with the stipulations.

On the second point the court's refusal to ask the jurors whether they meant to allow no one to recover was based upon a correct understanding of the comparative negligence statute. Ark. Stats. 1947, §§ 27-1730.1 and 27-1730.2. It is true that in returning a general verdict the jury may make findings that are not consistent or in harmony with either party's theory of the case. See, for example, *Fulbright* v. *Phipps*, 176 Ark. 356, 3 S. W. 2d 49. But such results can hardly come about when the issues of comparative negligence are submitted on special interrogatories. In the present case McEntire's damages, for instance, were conceded to be $500, and the jury found that his adversary Welch was negligent, while McEntire was not. Upon these findings there is simply no way to prevent McEntire from recovering from Welch, who was the joint tortfeasor that McEntire elected to sue. Thus the appellants' second point really narrows down to an insistence that the trial court should have permitted the return of a general verdict, but we find no abuse of discretion in the court's submission of the case on special interrogatories. *Robertson* v. *Universal C. I. T. Credit Corp.*, 224 Ark. 293, 272 S. W. 2d 825; *St. Louis S. W. Ry. Co.* v. *Robinson*, 228 Ark. 418, 308 S. W. 2d 282.

By cross appeal Welch complains of the court's action in directing a verdict in favor of McEntire upon Welch's cross complaint. It does not appear from the abstracts of the record, nor even from the record itself, that any sufficient objection to the peremptory instruction was made prior to the filing of Welch's motion for

a new trial. It was then too late for the objection to be made for the first time. *De Queen & Eastern R. Co.* v. *Pigue,* 135 Ark. 499, 205 S. W. 888.

Affirmed.