CINCINNATI TRAC. CO. v. WILLIAM FRANK, BY NEXT FRIEND.

1. **Failure to Afford Passenger Sufficient Time to Alight From Street Car Before Starting It Is Negligence.**

> If a street car stops and a passenger is attempting to alight from the car, and while in the act of alighting the agent of the company in charge of the car suddenly puts it in motion without giving the passenger sufficient time to alight, and by reason of such starting of the car the passenger is injured, then the company is guilty of negligence.

2. **Scintilla Rule Precludes Instruction As Fact Unless No Evidence Presented.**

> While it is the duty of the court to inform the jury, if requested, when there is no evidence of a material fact, nevertheless, the slightest evidence, from which the jury may properly infer the fact, is enough to preclude such an instruction.

ERROR.

*Joseph Wilby* and *James G. Stewart*, for plaintiff in error.
*Galvin & Bauer*, for defendant in error.

## GORMAN, J.

William Frank, a minor about 17 years of age, brought an action through his father as next friend, in the common pleas court of Hamilton county, to recover damages from the plaintiff in error for injuries which he claimed to have sustained about December 7, 1909, as he was alighting from a street car on Harrison avenue near McLean avenue, in the city of Cincinnati. He claims in his petition that the car had come to a stop at a point on Harrison avenue, about a hundred feet west of Spring

Cincinnati Trac. Co. v. Frank.

Grove avenue, and that there was a crossover at this point where the eastbound car running on the south or eastbound track on Harrison avenue was to cross over to the north or westbound track on Harrison avenue because of some street repairs that were being made on McLean avenue.   He claims that as he was alighting from the car after it had stopped and before he had an opportunity to do so in safety, the conductor gave the signal to the mortorman to start the car; that the car started with a sudden jerk and threw him to the ground; that he was rendered sick and dizzy and nervous, and continued to be in that condition for a long time.

The evidence tends to show that the car upon which the boy was a passenger stopped at a point about 100 or 150 feet west of the intersection of Harrison and Spring Grove avenues, as claimed in the petition; that 8 or 10 persons alighted from the car; that the boy was the last one; and that while he was alighting from the car and before he had an opportunity to do so in safety, he was thrown to the ground and was injured.   He claims that as a result of these injuries appendicitis developed, and that about four months from the date of the injuries an operation was performed by Dr. Paul to remove the appendix, which operation was successful.

The jury returned a verdict for $1,200 in favor of plaintiff, and error is now prosecuted to reverse that judgment.

There are but two grounds of error presented in argument and in the brief of counsel for plaintiff in error.

It is claimed, first, that the court erred in its general charge to the jury on the question of the duty of the plaintiff in error with reference to the starting of the car.   The court in substance charged the jury that if the car upon which William Frank was a passenger had stopped at the place alleged in the petition and in the proof, and he was attempting to alight from the car, and while in the act of alighting the agent of the defendant in charge of the car suddenly put it in motion, without giving him sufficient time to alight, and by reason of said starting of the car the plaintiff was caused the injury as alleged, then the defendant was guilty of negligence.

We think this charge is substantially correct, and follows

the rule laid down by the Supreme Court in the case of *Ashtabu-la Rapid Transit Co.* v. *Holmes,* 67 Ohio St. 153 [65 N. E. 877]. The first paragraph of the syllabus in that case is as follows:

"If a street car comes to a full stop for any purpose and a passenger is in the act of alighting, it is negligence for the conductor to start the car before such passenger has had a reasonable opportunity to get off safely."

The same language employed in this paragraph of the syllabus is used by Judge Davis in the opinion of the court on page 155.

The evidence in this case shows that several passengers got off at this point, and the boy, William Frank, testified that it was customary for the car to stop at this place while the crossover was laid in the street and the repairs were being made, and that the passengers usually got off at the point where he undertook to alight on this morning, during the time when repairs on the street were being made. The boy came in on the Westwood cars every day to attend Hughes High School.

We think that the allegations as to the stopping of the car and the starting of the same, and the accident to the boy, were amply sustained by the proof, and that the court did not err in the general charge in the particular complained of by plaintiff in error.

The second ground of error urged by plaintiff in error is the refusal of the court to give a special charge requested, before argument, by counsel for the traction company, as follows:

"I charge you that there is no evidence in this case which you are entitled to consider, that the appendicitis of the plaintiff, for which he was operated on in April, 1910, was caused by or in any way connected with a fall of the plaintiff, if any, from the car of the defendant, in December, 1909, as testified to by the plaintiff; and the defendant is not responsible for such appendicitis of the plaintiff."

Counsel for plaintiff in error excepted to the refusal of the court to give this charge.

Upon an examination of the record we are of the opinion that there is evidence from which the jury might infer that the appendicitis of the boy, William Frank, resulted from the injury

Cincinnati Trac. Co. v. Frank.

sustained at the time he was thrown from the car in December, 1909. The boy testified that the same day, and generally almost every day, after he was hurt as the result of this fall, up to the time when his appendix was removed, April, 1910, he suffered great and excruciating pains in his stomach and the lower part of his abdomen and in his right side. His father and mother testified that he continually complained of the pain in the lower part of his body about the abdomen. Dr. Paul removed the appendix in April, 1910, about four months after the boy was injured. He said he saw no evidence of the appendix having been affected as a result of a traumatic injury, that there was no scar on the appendix, and that in his opinion appendicitis did not result from the traumatic injury. Upon cross-examination he did say that appendicitis could result from a blow or injury about the region of the appendix on the right side of the abdomen. Dr. Musekamp, who attended the boy, testified that appendicitis could, and did frequently, result from an injury or a blow or a fall. Dr. Webb, who made an examination of the boy after the operation, testified that he had never heard of a case of appendicitis resulting from a blow or an injury. Dr. Paul testified that manifestations of appendicitis frequently occurred in persons, continuing over a period of a year or two years, or longer, and that treatment for these manifestations consisted in applications of ice on the parts of the body adjacent to the appendix, and that frequently it was necessary to perform the operation of removing the appendix.

We think that the court would not have been warranted in charging the jury that there was no evidence from which they could infer that appendicitis in this boy resulted from this injury, and that it would have been error for the court to have given such a charge.

While it is the duty of the court to inform the jury, if requested, when there is no evidence of a material fact, nevertheless, the slightest evidence from which the jury may properly infer the fact is enough to preclude such an instruction. *Bond v. Warren,* 53 N. C. 191; *Kansas City, M. & B. Ry. v. Burton,* 97 Ala. 240, Syl. 10 [12 So. 88]; *Central Ry. v. State,* 82 Md.

647 [33 Atl. 265]; *Pomeroy* v. *Boston & M. Ry.* 172 Mass. 92 [51 N. E. 523], and *Warren* v. *Halley*, 107 Mich. 120.

In *Bisewski* v. *Booth*, 100 Wis. 383 [76 N. W. 349], a charge similar to the one requested in this case was given, and the Supreme Court held that it was error to have given such a charge.

In the case of *Sullivan* v. *Boston Elevated Ry.* 185 Mass. 602 [71 N. E. 90], the plaintiff, Sullivan, recovered for injuries sustained by him while driving a wagon, from the seat of which he was thrown by a collision with a car of the Elevated Railway Company. He testified that before the accident his health was good, and he claimed that as a result of his injuries appendicitis followed. There was the evidence of an expert surgeon who testified that such a fall could be an adequate cause of appendicitis. The trial court was asked to charge the jury as follows:

"If the jury find that the plaintiff Sullivan is entitled to recover damages the jury are instructed that there is no sufficient evidence that the appendicitis from which the plaintiff suffered at a time subsequent to the accident was a result of the accident or that the accident in any way contributed to the existence of that disease or in any way affected it.

"If the jury find that the plaintiff Sullivan is entitled to recover they are instructed to disregard, in the assessment of damages, all the evidence introduced in the case in regard to appendicitis or the operation for appendicitis."

The trial court refused to give this charge and it was alleged that this refusal was error. The Supreme Court held that it was not error to thus refuse it, and on page 606, the court says:

"Dr. Bottomley's testimony warranted the jury in finding that the inflammation of the appendix was caused by the collision. He properly was found qualified to testify as an expert, and testified 'that such a fall as Sullivan testified to receiving could be an adequate cause of the appendicitis.' That was sufficient, taken in connection with the plaintiff's testimony that his health was good before the accident." Citing the cases, *Mc-*

Cincinnati Trac. Co. v. Frank.

*Garrahan* v. *New York, N. H. & H. Ry.* 171 Mass. 211 [50 N. E. 610], and *Houston* v. *Traphagen,* 47 N. J. Law 23].

In the case at bar, the boy, his father and his mother testified that he had had perfect health prior to his injuries; that he had never had a physician or the services of a physician; and that after the accident he lost weight, was nervous, complained of pains, and was obliged to be removed from school and could not finish his education in the high school. There was evidence tending to show that he was permanently injured.

We are not prepared to say that the evidence before the jury was not of such a character as to warrant the jury in inferring that the cause of the appendicitis was the injury sustained by this boy when he was thrown from the car. Notwithstanding the fact that Dr. Paul testified that in his opinion this was not the cause of the appendicitis, it was proper to submit the question to the jury for their determination, and this was especially true in view of the fact that the mother of the boy testified that Dr. Paul had told her after the operation was performed that the appendicitis was the result of a bruise on the appendix. It is true that Dr. Paul denied that he had made such a statement, but this evidence was all proper to go to the jury to enable them to determine whether or not appendicitis was one of the results of the injury sustained by the boy.

The court in his charge to the jury did not allude to the question of appendicitis, but made a proper charge to the effect that if plaintiff was entitled to recover the jury was to take into consideration, in determining the amount of damages, the pain and suffering he had endured as the natural and probable consequences of the injury, the impairment of his health, and the question of whether or not he would be permanently injured after he attained his majority, twenty-one years. We think the charge was as full and fair as should have been asked by the plaintiff in error. It was certainly proper to allow evidence to be admitted as to the nature of the boy's injuries, the complaints he had made, the location and character of the pains he had endured, and the fact that an operation had been performed for appendicitis. We think there was a scintilla of evidence in the case from which the jury might reasonably infer that ap-

pendicitis was one of the consequences resulting from this injury, and if that be true it would have been manifest error for the court to have given the special charge requested by the defendant below.

The amount of the verdict, $1200, would not be excessive even if the question of appendicitis were not in the case at all. The boy suffered pain for four months before the operation was performed, and thereafter continued to be nervous and to suffer pain and loss of sleep.

Upon a review of the whole case we think that the verdict and judgment in this case represent substantial justice, and that no reasonable grounds exist for complaining of either the verdict or the judgment. The judgment, therefore, will be affirmed.

Jones (E. H.), and Jones (O. B.), JJ., concur.