GENERAL ELECTRIC RAILCAR REPAIR SERVICES *v.*
Ace HARDIN

CA 97-1170 969 S.W.2d 667

Court of Appeals of Arkansas
Division III
Opinion delivered May 13, 1998

*Lavender, Rochelle, Barnette, PLC,* by: *Charles D. Barnette,* for appellant.

*Dunn, Nutter, Morgan & Shaw,* by: *Nelson V. Shaw,* for appellee.

WENDELL L. GRIFFEN, Judge. General Electric Railcar Repair Services (General Electric) challenges a decision by the Workers' Compensation Commission that required them to continue paying for medical treatment by Dr. C.C. Alkire on behalf of Ace Hardin. The Commission held that Hardin's continuing treatments by Dr. Alkire were reasonable and necessary. For reversal, General Electric argues that the Commission's decision that Hardin's continuing treatments by Dr. Alkire were reasonable and necessary is not supported by substantial evidence, and that the Commission erred, as a matter of law, because it failed to use the "major cause" analysis in deciding this issue. We disagree; therefore we affirm.

Ace Hardin worked primarily as an electrician and maintenance man for General Electric for more than thirty-seven years. On September 30, 1993, Hardin sustained a compensable injury when he fell from a ladder and injured his neck, back, and shoulders. Hardin initially consulted Dr. M. Leon Purifoy, who diagnosed him with a cervical spine strain. Dr. Purifoy subsequently referred him to Dr. C.C. Alkire, an orthopedic surgeon. Dr. Alkire treated Hardin several times over a period of two-and-a-half years. General Electric accepted the injury as compensable and paid for his medical treatment through June 1996. However, in July 1996, General Electric decided not to pay for the treatments by Dr. Alkire any longer. Hardin then filed a workers' compensation claim seeking continued payment for medical treatments by Dr. Alkire.

After a hearing, an administrative law judge found that Hardin was entitled to ongoing visits with Dr. Alkire for maintenance

of pain and is entitled to medications which Dr. Alkire may prescribe. General Electric appealed this decision to the Commission, which affirmed and adopted the findings of the administrative law judge. General Electric then brought this appeal.

 In considering appeals from decisions of the Commission, we view the evidence and all reasonable inferences therefrom in the light most favorable to the Commission's findings and will affirm the decision if the findings are supported by substantial evidence. *See Bradley v. Alumax,* 50 Ark. App. 13, 899 S.W.2d 850 (1995). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* If reasonable minds could reach the Commission's decision, we must affirm the decision. *Id.* It is the exclusive function of the Commission to determine the credibility of witnesses and the weight to be given their testimony. *Kuhn v. Majestic Hotel,* 50 Ark. App. 23, 899 S.W.2d 845 (1995) (citing *Johnson v. Riceland Foods,* 47 Ark. App. 71, 884 S.W.2d 626 (1994)). This court may reverse the decision of the Workers' Compensation Commission only when convinced fair-minded persons with the same facts before them could not have reached the conclusion arrived at by the Commission. *Tiller v. Sears, Roebuck & Co.,* 27 Ark. App. 159, 767 S.W.2d 544 (1989).

 First, General Electric argues that the Commission erred by finding that continuing treatments by Dr. Alkire were reasonable and necessary because Hardin no longer suffered from the job-related injury. General Electric also argues that Dr. Alkire was treating Hardin for only a preexisting condition and, therefore, Dr. Alkire's treatments were no longer reasonable and necessary for the job-related injury. The Commission, however, found that Hardin was entitled to ongoing visits with Dr. Alkire for maintenance of pain and is entitled to medications which Dr. Alkire may prescribe. What constitutes reasonable and necessary treatment under Arkansas Code Annotated § 11-9-508 (Repl. 1996), is a fact question for the Commission. *See Wright Contracting Co. v. Randall,* 12 Ark. App. 358, 676 S.W.2d 750 (1984).

 It is undisputed that Hardin was diagnosed with a pre-existing degenerative disc disease by Dr. Alkire. However, Dr. Alkire also opined that Hardin's degenerative disc disease was exacerbated by his job-related injury. When asked whether Har-

din was being treated "strictly" for degenerative disc disease, Dr. Alkire noted that,

> As I'm sure you're well aware having dealt with workers' compensation insurance claims for years, most workers' compensation injuries, particularly those in the cervical spine and lumbar spine are always related to some degenerative process, regardless of the type of injury a patient may have. In Mr. Hardin's case if you will review my notes, he had an on-the-job injury that almost for sure exacerbated a pre-existing degenerative condition. At this time (March 4, 1996), I'm currently treating Mr. Hardin for his on-the-job injury that just happens to involve some degenerative changes in his cervical spine.

According to Dr. Alkire, Hardin was still being treated for his cervical spine strain as late as March 1996. The Commission specifically stated that, "There is nothing in Dr. Alkire's reports, after careful review, that indicates to this examiner that the treatment being rendered by Dr. Alkire is unreasonable and/or unnecessary." Accordingly, Dr. Alkire's notes constitute substantial evidence in support of the Commission's finding that continued treatments by Dr. Alkire were reasonable and necessary.

Next, General Electric argues that the Commission erred, as a matter of law, because it failed to use the "major cause" analysis, pursuant to Arkansas Code Annotated § 11-9-102(5)(E)(ii) (Repl. 1996). This argument, however, is meritless because the "major cause" analysis applies to injuries that are not identifiable by time and place pursuant to Arkansas Code Annotated § 11-9-102(5)(E)(ii) (Repl. 1996), and to claims where a claimant is seeking permanent disability benefits pursuant to Arkansas Code Annotated section 11-9-102(F)(ii)(b) (Repl. 1996). In the present case Hardin was seeking the continued payment of medical treatments by Dr. Alkire, not permanent disability benefits. Also, his claim involved an injury that was identifiable by time and place.

Affirmed.

ROBBINS, C.J., and MEADS, J., agree.