Allan KINNEBREW *v.* LITTLE JOHN'S TRUCKS, INC.

CA 98-1048                                989 S.W.2d 541

Court of Appeals of Arkansas
Division III
Opinion delivered March 24, 1999

*Davis, Mitchell,& Davis*, by: *Gary Davis*, for appellant.

*Hardin, Jesson, & Terry*, by: *J. Rodney Mills*, for appellee.

TERRY CRABTREE, Judge. Appellant Allan Kinnebrew appeals the decision from the Workers' Compensation Commission finding that the appellant has failed to prove by a preponderance of the evidence that the injury he sustained on

March 14, 1996, occurred during a time that the appellant was performing employment services. We affirm.

The appellant is a long-haul truck driver employed by the appellee, Little John's Trucks, Inc. The appellant was paid by the mile, plus an occasional per diem.

On March 14, 1996, the appellant delivered a load of cargo to a farm company in New Braunfels, Texas, at approximately 8 a.m. Appellant testified that he was then advised by his dispatcher to proceed to a truck stop in San Antonio, Texas, and wait because they might have a load for him there the next day. Appellant phoned the dispatcher and advised of his arrival at the Flying J Truck Stop. He then parked his truck and was off duty until he received further instructions the following day.

The Department of Transportation requires truck drivers to maintain a detailed "Operator's Log" to document driving and off-duty times. Such regulations require the driver to be off duty for eight hours after ten hours of driving time. The appellant's operator's log for March 14, 1996, the date of the incident giving rise to this claim, reflects that he arrived in San Antonio, Texas, at 11 a.m. and was off duty until 7 p.m. During his time off, the appellant went into the truck stop and did a little shopping. He cleaned the glass in his truck, had the truck cleaned, and then gathered clothes for washing. He then took a number in the shower facility line and waited about an hour and a half for his turn. At approximately 6:45 p.m., a shower finally became available for his use. When he entered the shower stall, he stepped onto a slippery substance, causing him to fall and hit his neck against a ledge and injure his left shoulder as he tried to brace himself.

The appellant was diagnosed with a C4-5 spondylotic bar and underwent an anterior C4-5 diskectomy with fusion on June 19, 1996. The appellant has also been diagnosed with impingement of left rotator cuff or supraspinatus tendon with tendinitis secondary to bulky degenerative left acromioclavicular joint hypertrophy. The administrative law judge (ALJ) found the appellant's claim compensable. Little John's timely appealed the decision to the full Commission. In its opinion and order filed June

10, 1998, the Commission reversed and remanded finding that the claim was not compensable because the appellant was not performing employment services at the time of his injury.

▪ This court reviews decisions of the Workers' Compensation Commission to see if they are supported by substantial evidence. *Deffenbaugh Indus. v. Angus*, 39 Ark. App. 24, 832 S.W.2d 869 (1992). Substantial evidence is that relevant evidence which a reasonable mind might accept as adequate to support a conclusion. *Wright v. ABC Air, Inc.*, 44 Ark. App. 5, 864 S.W.2d 871 (1993). The issue is not whether this court might have reached a different result from that reached by the Commission, or whether the evidence would have supported a contrary finding. If reasonable minds could reach the result shown by the Commission's decision, we must affirm the decision. *Bradley v. Alumax*, 50 Ark. App. 13, 899 S.W.2d 850 (1995).

▪ This court has affirmed on a number of occasions the Commission's factual findings that a claimant injured while performing a personal task, even while on the employer's premises, was not performing "employment services" for the purposes of compensability under Act 796 of 1993. *Hightower v. Newark Public School System*, 57 Ark. App. 159, 943 S.W.2d 608 (1997). Even if the appellant was acting within the course of his employment under the "traveling salesman exception," the evidence still does not support a finding that the appellant was performing "employment services" when he fell while taking a shower while off duty. Showering is not inherently necessary for the performance of the job he was hired to do. Consequently, we hold that the full Commission did not err when it found that the appellant was not performing employment services at the time of his injury.

Affirmed.

ROBBINS, C.J., and PITTMAN, J., agree.