Jessie C. RAY *v.* WAYNE SMITH TRUCKING

CA 99-401                                   4 S.W.3d 506

Court of Appeals of Arkansas
Division II
Opinion delivered November 17, 1999
[Petiton for rehearing denied December 22, 1999.]

*Jerry G. James*, for appellant.

*Trammell Law Firm*, by: *Gill A. Rogers*, for appellee.

TERRY CRABTREE, Judge. In this workers' compensation case, the Commission denied the appellant, Jessie C. Ray, benefits because he failed to prove by a preponderance of the evidence that he was performing an employment service when he sustained an injury to his right shoulder on August 16, 1997. The Commission affirmed and adopted the Administrative Law Judge's decision, and appellant appeals the Commission's determination claiming that it is not supported by substantial evidence. We reverse.

The appellee, Wayne Smith Trucking, employed appellant as an "over-the-road" truck driver. In this capacity, appellant drove a truck owned by appellee across the country, typically from Morrilton, Arkansas, to Chicago, Illinois. Appellant sustained an injury to his right shoulder on August 16, 1997, when he fell while installing a CB antenna on appellee's truck.

Originally, appellant had been assigned a truck with a "spring ride" suspension system, but he had requested a truck with an "air ride" suspension system, if one became available. Appellant made this request because an "air ride" suspension system provides a more comfortable ride. On August 15, 1997, Allen Hayes, a dispatcher for appellee, called appellant at home and advised him that a truck

with an "air ride" suspension was available if he still wanted it. Appellant responded that he did. On Saturday, August 16, 1997, on his regular day off, appellant went to appellee's shop to move a number of items from his old truck to the new truck so he would not have to do so early the next morning. Appellant moved several items, including his personal CB radio and antenna, oil, antifreeze, bedding for the sleeper cab, and spring-loaded bars, among other items. It was undisputed that appellee did not require appellant to have a CB or CB antenna in the truck. However, appellant testified that appellee did require spring-loaded bars be installed in the trucks.

■ This court reviews decisions of the Workers' Compensation Commission to see if they are supported by substantial evidence. *Deffenbaugh Indus. v. Angus,* 39 Ark. App. 24, 832 S.W.2d 869 (1992). Substantial evidence is that relevant evidence which a reasonable mind might accept as adequate to support a conclusion. *Wright v. ABC Air, Inc.,* 44 Ark. App. 5, 864 S.W.2d 871 (1993). The issue is not whether this court might have reached a different result from that reached by the Commission, or whether the evidence would have supported a contrary finding. *Id.* If reasonable minds could reach the result shown by the Commission's decision, we must affirm the decision. *Bradley v. Alumax,* 50 Ark. App. 13, 899 S.W.2d 850 (1995).

■ A compensable injury is defined as an injury causing internal or external physical harm arising out of and in the course of employment. Ark. Code Ann. § 11-9-102(5)(A)(Repl. 1997). Act 796 of 1993 amended the workers' compensation laws to exclude from the definition of "compensable injury" an injury sustained "at a time when employment services were not being performed." Ark. Code Ann. § 11-9-102(5)(B)(iii). Our appellate courts have found that an employee is performing employment services when he is engaged in the primary activity which he is hired to perform or any incidental activity which is inherently necessary for the performance of the primary employment activity. *Tina Harding v. City of Texarkana,* 62 Ark. App. 137, 970 S.W.2d 303 (1998).

Appellant testified that he was paid according to his mileage. Appellant indicated that on the day that he transferred items from one truck to another that he was not paid for any of the work he did that day and that he was not scheduled to come in that day.

Appellant testified that he was not asked to change trucks; that when told about the availability of the "air ride" truck, he could have declined; and that appellee had done nothing to make him take the "air ride" truck.

On a number of occasions, the appellate courts have affirmed the Commission's factual findings that a claimant injured while performing a personal task, even while on the employer's premises, was not performing "employment services" for the purposes of compensability under Act 796 of 1993. *Hightower v. Newark Public School System*, 57 Ark. App. 159, 943 S.W.2d 608 (1997). In this instance, we recognize that appellant was on appellee's premises when appellant injured his shoulder.

We conclude that appellant was performing an incidental activity which was inherently necessary for the performance of his primary employment activity. On the day appellant sustained his injury, he was preparing his truck for a cross-country drive by equipping it with items necessary for the effective administrator of his job. Appellant's testimony revealed that appellee required spring-loaded bars to be installed in all trucks. As the new truck lacked such bars, appellant installed them before he drove the vehicle. In addition, appellant transferred items to the new truck that were extremely useful for a long-distance drive, such as, a CB radio and antenna, extra oil, and antifreeze. Furthermore, appellee did not pay for overnight lodging on appellant's regular trips to Chicago. Therefore, appellant acted prudently in packing bedding to be used in the truck's sleeper cab.

Allen Hayes testified that if appellant had not taken the "air ride" truck that another driver would have taken it. Thus, this accident could have happened to any driver willing to accept the "air ride" truck. Testimony also revealed that appellee was in the process of phasing out its "spring ride" trucks as it purchased only new trucks that contained an "air ride" suspension system. Eventually, appellant would have had to relinquish his "spring ride" truck for a newer "air ride" truck.

In its brief, appellee notes that in *Allan Kinnebrew v. Little John's Truck, Inc.*, 66 Ark. App. 99, 989 S.W.2d 541 (1999), we held that a truck driver is not performing employment services during the time that he is involved in activities of a personal nature. In

*Kinnebrew*, the truck driver was injured when he slipped and fell while taking a shower at a truck stop during the time that he was on the road for his employer. Clearly, a shower is not inherently necessary for the performance of the job the trucker was hired to do. On the other hand, in the case at bar, appellant injured himself as he prepared his truck for the long-distance trip with items necessary for the efficient performance of his job.

■ We do not believe that reasonable minds could have denied appellant benefits in this case. Therefore, we reverse and remand for an award of benefits.

Reversed and remanded.

BIRD and GRIFFEN, JJ., agree.