WAL-MART STORES, INC. Claims Management, Inc. *v.*
Irena KING

CA 05-291 216 S.W.3d 648

Court of Appeals of Arkansas
Opinion delivered November 9, 2005

*Bassett Law Firm, LLP*, by: *Curtis L. Nebben*, for appellant.

*Orvin W. Foster,* for appellee.

K AREN R. BAKER, Judge. Appellant Wal-Mart Stores, Inc., appeals the decision of the Workers' Compensation Commission awarding benefits to appellee Irena King. Appellant's sole point on appeal is that substantial evidence does not support the Commission's finding that appellee was engaged in employment services at the time of the accident, thereby sustaining a compensable injury. We find no error and affirm.

The facts and circumstances surrounding the events leading to appellee's injury were primarily undisputed and submitted to the Administrative Law Judge by stipulations contained in the prehearing order, medical records, the deposition of appellee, the deposition of Charles Bentley who was the store manager of the Mena Wal-Mart, and the deposition of Carol Moran who was both the manager of the bakery and appellee's supervisor. Appellee was employed by appellant at its Mena store on May 12, 2003, when she slipped and fell, fracturing her right wrist. The medical evidence presented included radiographic studies of the injuries. Appellee fell while she was attempting to take her break and moving from her assigned work area to the employee lounge.

The real controversy in this case centers on the provisions of Arkansas Code Annotated section 11-9-102(4)(B)(ii) (Supp. 2001). This subdivision expressly excludes from the statutory definition of a compensable injury any injury that occurred at a time when employment services were not being performed. Appellee's accidental fall and resulting injury occurred during appellee's regular working hours and while she was being paid, or "on the clock." All of the witnesses agreed that when appellee took her allowed break, she was required to leave her work area that was located in the front of the store in the bakery area. Appellee testified that she was required to take her break in the employee lounge located in the back of the store. The store manager, Charles Bentley, testified that appellee was free to go anywhere she desired and could even have left appellant's premises. Carol Moran, the assistant store manager and the bakery department manager, testified that appellee was allowed to take her break anywhere inside the store, but could not leave the premises except on her lunch break. Both Mr. Bentley and Ms. Moran testifed that in their opinion, appellee's break began when she left her assigned employment area; however, Ms. Moran indicated that any time appellee or any other employee was out in the area of the store

open to the public, even if on a scheduled work break, they were expected to answer any questions or provide any reasonable service to the store's customers.

Regarding the discrepancy in testimony as to whether appellee was required to take her break in the employee's lounge, the Commission concluded that although appellee's supervisors had not expressly ordered or directed her to take her breaks in the employee lounge, it was apparent that she and the other store's employees were implicitly encouraged to do so. Mr. Bentley expressly stated that the normal procedure was for the employees to take their breaks in the employee lounge. Ms. Moran testified that the bakery employees "need to take their break in the break room." In making its finding, the Commission observed that "[i]t is often difficult for a salaried employee, such as the [appellee], to differentiate between a direct order and such 'encouragement.' " The Commission found that while appellee may have been mistaken in her belief that she "had to take her break" in the employee lounge, that she sincerely believed that it was required and was attempting to follow what she perceived to be a directive from her employer. The Commission awarded benefits to appellee finding that at the time of her accidental fall and resulting injury, she was performing employment services within the meaning of Arkansas Code Annotated section 11-9-102(4)(B)(iii) and that her employment related injury is not expressly excluded from constituting a compensable injury by the provisions of this subsection. Furthermore, the Commission held that appellee had proven that the physical injuries that she sustained satisfied all of the statutory requirements for a compensable injury.

Appellant asks us to reverse the Commission arguing that because appellee slipped and fell while going on her break, her actions were totally personal in nature. It asserts that because her intent was to go to the employee lounge, that appellant received no benefit from her actions. Appellant also argues that although appellee had a duty to help any customer on her way to the break room, that she was not actually performing any of these types of duties when she fell. Appellant relies heavily on the cases of *McKinney v. Train and Travelers Indemnity Co.,* 84 Ark. App. 424, 143 S.W.3d 581 (2004) and *Robinson v. St. Vincent,* 88 Ark. App. 168, 196 S.W.3d 508 (2004), in its argument. In both of those cases, we affirmed the Commission's denial of benefits.

In reviewing decisions from the Workers' Compensation Commission, we view the evidence and all reasonable infer-

ences deducible therefrom in the light most favorable to the Commission's findings, and we affirm if the decision is supported by substantial evidence. *Smith v. City of Fort Smith,* 84 Ark. App. 430, 143 S.W.3d 593 (2004). Substantial evidence exists if reasonable minds could reach the same conclusion. *Id.* When a claim is denied because the claimant has failed to show an entitlement to compensation by a preponderance of the evidence, the substantial-evidence standard of review requires us to affirm if the Commission's opinion displays a substantial basis for the denial of relief. *Id.*

 Here, appellant challenges the Commission's award of benefits asserting that the Commission erred as a matter of law by determining that appellee was engaged in employment services at the time of the accident, thereby sustaining a compensable injury. Arkansas Code Annotated section 11-9-102(4)(A)(I) (Supp. 2001) defines "compensable injury" as "an accidental injury causing internal or external harm ... arising out of and in the course of employment. . . ." Employment services are performed when the employee does something that is generally required by his or her employer. *Collins v. Excel Spec. Prods.,* 347 Ark. 811, 69 S.W.3d 14 (2002); *Pifer v. Single Source Transp.,* 347 Ark. 851, 69 S.W.3d 1 (2002). We use the same test to determine whether an employee was performing "employment services" as we do when determining whether an employee was acting within "the course of employment." *Collins, supra; Pifer, supra.* The test is whether the injury occurred "within the time and space boundaries of employment, when the employee [was] carrying out the employer's purpose or advancing the employer's interests directly or indirectly." *Collins, supra; Pifer, supra.* In both *Collins* and *Pifer,* the supreme court specifically overruled "all prior decisions by the Arkansas Court of Appeals" to the extent that they were inconsistent with the holdings in *Collins* and *Pifer.* See *Collins,* 347 Ark. at 819, 69 S.W.3d at 20; *Pifer,* 347 Ark. at 859, 69 S.W. 3d at 5.

 While appellant urges us to find similarities between the employees' situations in *McKinney* and *Robinson,* the relevant inquiry is whether reasonable minds could reach the same conclusion as the Commission given the evidence presented. In the case before us, the store manager testified that the normal procedure followed by employees taking a break was to go to the employee lounge. Appellee's direct supervisor specifically stated that the bakery employees "need to take their break in the break room."

Appellee explained that she believed she was. required by her employer to go to the break room while on her break, and the Commission accepted her belief as sincere. Additionally, appellee was required to assist customers during her break if assistance was requested. Our supreme court in *Collins* and *Pifer* directed this court to focus our attention on what appellant was doing at the time of the injury. The testimony regarding the employee breaks and the lounge provided by the employer for the breaks supports the Commission's finding that appellee was generally required by her employer to go to the employee lounge during her break. *See Wal-Mart Stores, Inc. v. Sands*, 80 Ark. App. 51, 91 S.W.3d 93 (2002) (holding that an employee injured when she returned to her locker to secure her personal items before returning to work after a break was carrying out Wal-Mart's purpose or advancing Wal-Mart's interests). Consequently, we cannot say that the Commission's decision that the injury occurred within the time and space boundaries of employment when the employee was carrying out the employer's purpose or advancing the employer's interests, directly or indirectly, was in error. Accordingly, we affirm.

Affirmed.

GLADWIN and ROBBINS, JJ., agree.