

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00079-CR
_____

JUAN Z. GARCIA, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
Harrison County, Texas
Trial Court No. 2007-0355

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

On March 19, 2005, Juan Z. Garcia was arrested for driving while intoxicated (DWI).  The information for the offense was not filed until February 25, 2007.  After a hearing, the trial court denied Garcia's motion to set aside the information based on the lack of a speedy trial.  Garcia pled no contest to DWI March 10, 2009, while reserving his right to appeal.  He was sentenced to 365 days in jail and a $4,000.00 fine, but was placed on community supervision for eighteen months.  His sole issue on appeal is whether his right to a speedy trial was violated due to the 709-day delay after arrest before filing of formal DWI charges.  We affirm.

I.      **The Right to a Speedy Trial**

When one is arrested or charged with a crime, the Sixth Amendment to the United States Constitution guarantees the right to a speedy trial.  This right protects anxiety and concern that accompanies a public accusation, avoidance of impairment to defense, and freedom from oppressive pretrial incarceration.  *Cantu v. State*, 253 S.W.3d 273, 280 (Tex. Crim. App. 2008) (citing *Barker v. Wingo*, 407 U.S. 514, 532 (1972)).

The right to a speedy trial cannot be quantified in days or months.  *Barker*, 407 U.S. at 523.  Thus, Texas courts "analyze federal constitutional speedy-trial claims 'on an ad hoc basis' by weighing and then balancing the *Barker v. Wingo* factors."  *Cantu*, 253 S.W.3d at 280.  These factors include:  1) the length of the delay; 2) reason for the delay; 3) assertion of the right; and 4) prejudice to the accused.  *Id*.; *Barker*, 407 U.S. at 530.  "[T]he greater the State's bad faith or official

2

negligence and the longer its actions delay a trial, the less a defendant must show actual prejudice or prove diligence in asserting his right to a speedy trial." *Cantu*, 253 S.W.3d at 280–81. No one factor is determinitive, and all factors must be considered together along with relevant circumstances on a case-by-case basis. *Id*. at 281.

## II.  Standard of Review

"In reviewing the trial court's ruling on [Garcia's] federal constitutional speedy trial claim, we apply a bifurcated standard of review:  an abuse of discretion standard for the factual components, and a de novo standard for the legal components." *Id.* at 282 (citing *Zamorano v. State*, 84 S.W.3d 643, 648 (Tex. Crim. App. 2002)). Review of the *Barker* factors involves both legal and factual determinations, but "[t]he balancing test as a whole . . . is a purely legal question." *Id.* (citing *Zamorano*, 84 S.W.3d at 648 n.19). Under an abuse of discretion standard, we defer to the trial court's resolution of facts and reasonable inferences drawn therefrom and review the evidence in a light most favorable to the ruling. *Id.*

## III.  Analysis of the *Barker* Factors

### A.  The Length of Delay

The *Barker* test is triggered by a delay that is unreasonable enough to be considered presumptively prejudicial. *Id.* at 281. A delay of 706 days is presumptively prejudicial. *Id.* (citing *Doggett v. United States*, 505 U.S. 647, 651–52 n.1 (1992); *Phillips v. State*, 650 S.W.2d 396, 399

(Tex. Crim. App. 1983) (noting courts generally find delays approaching one year presumptively prejudicial)).  This factor weighs against the State.

**B.      Reason for the Delay**

When analyzing this prong of the *Barker* test, "different weights should be assigned to different reasons." *Barker*, 407 U.S. at 531.  Deliberate attempts to delay trial in order to hamper a defense is weighed heavily against the State.  *Id.*  More neutral reasons, such as negligence or overcrowded courts are weighed less heavily.  *Id.*  A valid reason for delay "should serve to justify appropriate delay." *Id.*  Although the conclusory motion stated only that "[t]here are no satisfactory reasons for the delay" and that Garcia "suffered loss of witnesses and substantial anxiety and concern," the trial court promptly held a hearing on the motion for speedy trial wherein the State simply stated the indictment was brought within the two-year statute of limitations.  No other reason for delay was given.

Here, Garcia does not complain about the delay between the time of filing and the trial since his counsel announced not ready at arraignment March 31, 2007; thereafter, Garcia failed to appear for a required appearance February 25, 2008.  Delay which is attributable in whole or in part to the defendant may even constitute waiver of a speedy-trial claim.  *State v. Munoz*, 991 S.W.2d 818, 822 (Tex. Crim. App. 1999) (citing *Dickey v. Florida*, 398 U.S. 30 (1970)).  The delay between the arrest and filing weighs against the State.

4

## C.     Assertion of Right

"The constitutional right is that of a speedy trial, not dismissal of the charges." *Cantu*, 253 S.W.3d at 281. Garcia never asserted his right to a speedy trial.  The assertion of this right was his responsibility. *Id.* at 282 (citing *Barker*, 407 U.S. at 527–28).  Failure to make repeated requests for a speedy trial "supports an inference that the defendant does not really want a trial, he wants only a dismissal." *Id.*  Again, the information in this case was filed February 26, 2007.  A few days later, Garcia, who was represented by counsel, waived arraignment, announced he was not ready for trial, and requested that the case be passed to a future setting.  On February 6, 2009, almost two years after the waiver of arraignment, and almost four years after arrest, Garcia filed a motion to set aside the information based on the lack of a speedy trial.  Garcia entered his plea a little over one month later.

The Texas Court of Criminal Appeals has made it clear that even though a motion for a speedy trial cannot be filed until formal charges are brought, that right can be asserted in other ways. "Because appellant never asked for a speedy trial—he asked only for a dismissal—it was incumbent upon him to show that he had tried to get the case into court so that he could go to trial in a timely manner." *Id.* at 284.  The failure to "diligently and vigorously seek a rapid resolution is entitled to 'strong evidentiary weight.'" *Id.* (quoting *Barker*, 407 U.S. at 531–32).  Based on the failure to seek a speedy trial, and the fact that the motion was filed after Garcia's counsel sought continuance of trial, we find this factor weighs heavily against Garcia. *See Dragoo v. State*, 96 S.W.3d 308, 314–15 (Tex. Crim. App. 2000) (holding this factor weighted against defendant where he failed to assert

5

speedy trial right for three and a half years until just before trial, although he was represented by counsel); *see also Phipps v. State*, 630 S.W.2d 942, 946 (Tex. Crim. App. [Panel Op.] 1982) (remaining silent for four years and waiting one month before trial to assert right to speedy trial makes it difficult to prove defendant was denied right to a speedy trial).

### D.  Prejudice

Prejudice is assessed in the light of the three interests which the right to speedy trial was designed to protect:  1) freedom from oppressive pretrial incarceration; 2) mitigation of the anxiety and concern that accompanies a public accusation; and 3) avoidance of impairment to their defense. *Barker*, 407 U.S. at 531.  "[T]he burden is on the accused to make some showing of prejudice which was caused by the delay of his trial." *Harris v. State*, 489 S.W.2d 303, 308 (Tex. Crim. App. 1973).

Garcia posted bond, and the record does not reveal he was subject to oppressive pretrial incarceration.  We next examine Garcia's level of anxiety.  General anxiety is at least some evidence of the type of anxiety considered in *Barker*, but is not sufficient proof of prejudice when "it is no greater anxiety or concern beyond the level normally associated with a criminal charge or investigation. *Cantu*, 253 S.W.3d at 285–86.  Besides the general allegation of "substantial anxiety," in the motion, there was no evidence of anxiety presented at the hearing.

Next, limiting the possibility of impairment of a defense is the most serious interest protected by right to a speedy trial. *Barker*, 407 U.S. at 531.  If witnesses disappear during a delay, or are unable to recall events, prejudice is obvious. *Id.*  At the hearing, Garcia claimed he was not the

6

driver of the vehicle. He testified that there were two other men in the vehicle and that one of them was the actual driver. Garcia did not know where these men were. He believed one was in Mexico and the other was somewhere in North Carolina. He testified that these witnesses would have been available in 2005 or 2006, but were no longer available.

Logically, if one was accused of a crime that he or she did not commit and had two witnesses to prove innocence, that person would likely take some action to attempt to have a speedy hearing or at least preserve the testimony of the witnesses. Had Garcia made any effort to obtain a speedy resolution of these charges, it would lend some credence to his claim that the State was responsible for the loss of his exculpatory witness statements. The issue of assertion of the right and prejudice may be linked in this manner. Here, Garcia could not verify whether the men moved before or after the issuance of the information. Even assuming the trial court determined Garcia's testimony with regard to these witnesses as credible, before a claim of missing witnesses will amount to "some showing of prejudice," Garcia "must show that . . . he has exercised due diligence in his attempt to find them and produce them at trial." *Phipps*, 630 S.W.2d at 947; *Harris*, 489 S.W.2d at 308. No such evidence of diligence was produced during the hearing.

Next, Garcia testified he was having a difficult time remembering the incident, and if he would have been brought to trial earlier, his memory would be better. "In assessing the evidence at a speedy-trial hearing, the trial judge may completely disregard a witness's testimony, based on credibility and demeanor evaluations, even if that testimony is uncontroverted." *Cantu*, 253 S.W.3d

7

at 282. Finally, as the sole fact-finder, the trial court, having heard the testimony of Garcia and seen his demeanor, may have disbelieved his testimony. We conclude Garcia has failed to demonstrate prejudice.

### E. Balancing

"Having addressed the four *Barker* factors, we must now balance them." *Dragoo*, 96 S.W.3d at 316. The delay in filing the charge and the failure to explain it weighs in favor of Garcia and against the State. But a major consideration is that Garcia never attempted to invoke his right to a speedy trial. The filing of the motion to dismiss shows a desire to have no trial, not a speedy one. *Cantu*, 253 S.W.3d at 282. The fact that Garcia contributed to the delay, "quietly acquiesced in the delay for [almost four] years, indicating that he really did not want a speedy trial," all weighs heavily against Garcia. *Dragoo*, 96 S.W.3d at 316. While Garcia testified he could not locate witnesses due to the delay, the fact that he completely failed to assert the right to a speedy trial for four years weakened his uncorroborated testimony of prejudice which the trial court could have disbelieved. All of the evidence must be viewed in the light most favorable to the trial court's ultimate ruling. We hold that the weight of the factors, when balanced together, leads us to conclude Garcia's right to speedy trial was not violated.

## IV.   Conclusion

We affirm the trial court's judgment.

_____  Jack Carter
                                                                    Justice

Date Submitted:      September 29, 2009
Date Decided:        October 2, 2009

Do Not Publish